```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gregory LaVallee

    v.                                          Civil No. 12-cv-309-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections

### REPORT AND RECOMMENDATION

Gregory LaVallee has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review

### § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**[1]

1.  Trial, Sentencing, and Direct Appeal

On November 27, 2007, LaVallee was sentenced to 14½ - 28 years in prison, having been convicted at trial of aggravated felonious sexual assault, second degree assault, and simple assault.  LaVallee appealed his conviction to the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed the conviction on November 26, 2008.  See State v. LaVallee, No. 2007-0887 (N.H. Nov. 26, 2008).

---

[1] The procedural background in this report and recommendation has been gleaned from: the record in this case; the record in a previous habeas petition filed in this court by petitioner, LaVallee v. Blaisdell, 09-cv-367-JD; filings and records in the New Hampshire Superior Courts sitting at Rockingham and Coös Counties; and the records of the New Hampshire Superior Court Sentence Review Division.  See United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005) (federal court may take judicial notice of states court records).

2.   Post-Conviction State Court Litigation 2008-2010

After LaVallee was sentenced, he initiated sentence review proceedings in the New Hampshire Superior Court Sentence Review Division ("SRD").  Approximately three months after the NHSC affirmed his conviction, LaVallee filed a waiver of sentence review, dated March 12, 2009, in Rockingham County Superior Court, as well as with the SRD.  See State v. LaVallee, No. 07-S-371 (N.H. Super. Ct., Rockingham Cnty. Mar. 18, 2009) (waiver filed); State v. LaVallee, Rockingham Cnty. No. 07-S-371, 373, 374 (N.H. Super. Ct., Sentence Review Div. Mar. 23, 2009) (waiver filed).  Upon receipt of the waiver on March 23, 2009, the SRD terminated LaVallee's sentence review proceedings.  See State v. LaVallee, Rockingham Cnty. No. 07-S-371, 373, 374 (N.H. Super. Ct., Sentence Review Div. Nov. 24, 2010) (order denying request to reopen sentence review proceedings).  After waiving sentence review in March 2009, LaVallee took no further action in the state courts until September 13, 2010, when he filed a petition for a writ of habeas corpus in state court.  See LaVallee v. Blaisdell, No. 214-2010-CV-00137 (N.H. Super. Ct., Coös Cnty. Sept. 13, 2010).

3.  2009 Federal Habeas Action

On October 30, 2009, between the March 23, 2009, termination of LaVallee's SRD proceedings, and the initiation of his 2010 state habeas action, LaVallee filed a habeas petition in this court. See LaVallee v. Blaisdell, 09-cv-367-JD. On April 5, 2010, LaVallee's federal habeas petition was dismissed without prejudice, as LaVallee had failed to demonstrate exhaustion of the claims raised therein. See id., Order (Apr. 5, 2010) (doc. no. 5).[2]

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions. See 28 U.S.C. § 2244(d)(1); see Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Drew v. MacEachern, 620 F.3d 16, 19 (1st Cir. 2010). AEDPA's one-year time limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or by

---

[2] On April 30, 2012, LaVallee filed a motion to reopen the 2009 habeas case. See LaVallee v. Blaisdell, 09-cv-367-JD (D.N.H. Apr. 30, 2012) (doc. no. 7). The court denied that motion, see id., Order (Nov. 30, 2012) (doc. no. 10), and also denied LaVallee's motion for reconsideration. See id., Endorsed Order (Dec. 13, 2012). LaVallee's efforts to reopen his 2009 petition have no bearing on the court's recommendation in this matter.

the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); see Wood at 1831; Drew, 620 F.3d at 19.

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See 28 U.S.C. § 2244(d)(1)(B)-(D); Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012) (citing § 2244(d)(1)); David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003).  Further, AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); see also Wood, 132 S. Ct. at 1831; Drew, 620 F.3d at 20.

Although the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (post-conviction state court litigation filed after AEDPA's limitations period expires does not stop or reset clock).  Nor is the limitations period stopped during the

5

pendency of a federal habeas petition.  See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007) (under § 2244(d)(2), "statute of limitations is tolled only while state courts review the application").

As LaVallee did not appeal the March 23, 2009, termination of his sentence review proceedings, LaVallee's conviction became final on April 23, 2009, at the end of the thirty day period during which LaVallee could have filed, but did not file, a timely appeal in the NHSC.[3]  Accordingly, the one-year period during which LaVallee could have timely filed a federal habeas petition expired, at the latest, on April 23, 2010.  The record does not reflect that LaVallee initiated any state court proceedings between March 23, 2009, and April 23, 2010.  To the contrary, LaVallee's petition indicates that his next filing in the state court was initiated on September 13, 2010, approximately four and a half months after the expiration of the limitations period for filing a federal habeas action.  As stated above, the filing of a state habeas petition does not restart an expired limitations period.  The record includes no facts to indicate that any statutory exception to the time limit

---

[3] For purposes of conducting this preliminary review, the court assumes, without deciding, that the termination of sentence review proceedings pursuant to a LaVallee's waiver of sentence review could be appealed to the NHSC.

is present in this case.  Accordingly, the court finds that the habeas petition presently before the court is barred by the statute of limitations and should be dismissed.

### Conclusion

For the foregoing reasons, the court recommends dismissal of the petition as untimely.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 28, 2013

cc: Gregory LaVallee, pro se

LMB:jba